Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **EDWARD N. BELL**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:04CV00752 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **LORETTA KING, WARDEN,** | ) By: James P. Jones |
| **SUSSEX I STATE PRISON**, | ) Chief United States District Judge |
| | ) |
| Respondent. | ) |
| | ) |

*James G. Connell, III, Devine & Connell, P.L.C., Fairfax, Virginia, and Matthew K. Roskoski, Latham & Watkins, L.L.P., Washington, D.C., for Petitioner; Katherine P. Baldwin, Senior Assistant Attorney General of Virginia, Richmond, Virginia, for Respondent.*

After considering Edward N. Bell's federal petition for writ of habeas corpus, I have granted him an evidentiary hearing on his claim that he received ineffective assistance of counsel due to his trial attorneys' failure to present available evidence in mitigation at the sentencing phase of his trial. *See Bell v. True*, 413 F. Supp. 2d 657, 738 (W.D. Va. 2006). The petitioner then filed a Motion for Funds to Permit the Retention of Expert Witnesses, a Mitigation Investigator, and a Fact Investigator, which I denied in part and granted in part. *See Bell v. King*, No. 7:04CV00752, 2006 U.S. Dist. LEXIS 18365 (W.D. Va. Apr. 11, 2006). Specifically, I granted the

petitioner's motion for funding with respect to a Virginia fact investigator but denied funding for all other requested experts and investigators. *Id*. at *13.

The petitioner subsequently filed the present Motion to Reconsider Denial of Funds, insisting that he is entitled to funding for Carmeta Albarus, a Jamaican mitigation investigator, and Dr. Mark Cunningham, a forensic psychologist. Because I find that the allegations set forth in Bell's federal habeas petition do not warrant the appointment of these additional experts to assist Bell at his evidentiary hearing, I will deny the petitioner's motion.

The relevant inquiry is whether the requested expert services are reasonably necessary for Bell's representation at the upcoming evidentiary hearing. *See* 21 U.S.C.A. § 848(q)(9) (West 1999). As the Fourth Circuit recently made clear, a federal habeas petitioner is not "entitled to an evidentiary hearing to explore how he may have been prejudiced. An evidentiary hearing is not a fishing expedition for facts as yet unsuspected, but is instead 'an instrument to test the truth of facts *already alleged* in the habeas petition.'" *Lenz v. Washington*, No. 05-16, 2006 U.S. App. LEXIS 8870, at *20 (4th Cir. Apr. 11, 2006) (quoting *Jones v. Polk*, 401 F.3d 257, 269 (4th Cir. 2005) (emphasis added in *Lenz*)).

Bell has set forth a list of potentially mitigating evidence that he contends should have been presented by his trial counsel during the sentencing phase, and the

upcoming evidentiary hearing will give Bell an opportunity to prove the truth of such evidence. The approved fact investigator is reasonably necessary to prepare for this hearing because Bell may need such assistance in regard to the facts already alleged in his petition. However, I find that Bell has not alleged facts in his petition that render the assistance of the other requested experts reasonably necessary to his representation at the evidentiary hearing and thus again deny such funding.

For the foregoing reasons, it is **ORDERED** that the petitioner's Motion to Reconsider Denial of Funds is DENIED.

ENTER: May 3, 2006

 /S/ JAMES P. JONES
Chief United States District Judge

- 3 -